# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN CHRISTOPHER O'ROURKE, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 19-CV-0419-TCK-JFJ ) |
| DAVID PARKER, Administrator, David L. Moss Criminal Justice Center, | ) ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter comes before the Court on the 28 U.S.C. § 2241 petition for writ of habeas corpus, the amended 28 U.S.C. § 2241 petition for writ of habeas corpus, and several related motions filed by Petitioner Bryan Christopher O'Rourke. Respondent filed a motion to dismiss the petitions for failure to exhaust state remedies. Respondent also filed responses to Petitioner's related motions. For the reasons discussed below, the Court finds Petitioner's original and "amended" § 2241 petitions should be dismissed and all pending motions should be denied as moot.

## I.  Background

Petitioner commenced this action on August 1, 2019, by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. 1). At that time, Petitioner was incarcerated at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma, awaiting trial in Tulsa County District Court Case No. CF-2017-4236. Dkt. 1, at 9, 16, 19. On August 8, 2019, Petitioner filed a brief in support of his petition (Dkt. 5), identifying the following eight claims for relief:

Count One: The former judge violated [Petitioner's] bail bond agreement and

> Fourth Amendment protections from illegal search and seizure.
>
> Count Two: The former judge's decision to more than quadruple [Petitioner's] bail violates *Brill*,[1] 18 U.S.C. § 3142, and the Eighth Amendment's Excessive Bail Clause.
>
> Count Three: The former judge used bail as a "tool of punishment" in violation of due process and *Brill*.
>
> Count Four: The former judge violated [Petitioner's] right to pretrial liberty by jailing him without procedural due process and equal protection.
>
> Count Five: The former judge violated [Petitioner's] rights to equal protection and due process by denying him a speedy bail determination hearing.
>
> Count Six: The former judge violated [Petitioner's] Sixth Amendment right to counsel.
>
> Count Seven: Because the former judge violated [Petitioner's] Oklahoma and federal rights under *Brill* and both constitutions, her orders including the excessive $900,000 and other conditions of release are invalid.
>
> Count Eight: The current conditions of [Petitioner's] "order of release" is excessive, punitive, and unconstitutional.

Dkt. 5, at 5, 51, 57, 77, 81, 83, 89, 90.

In his petition, Petitioner concedes that he did not exhaust available state remedies as to these claims, but suggests his attempts to do so were "futile" and that state procedural rules barred him from seeking appellate review of state district court rulings. Dkt. 1, at 13-16. Petitioner also filed a brief in support of his request for preliminary injunctive relief (Dkt. 6) on August 8, 2019.

On August 14, 2019, based on Petitioner's allegations regarding his attempts to exhaust his claims, the Court directed Respondent to respond to the allegations in the petition. Dkt. 7.

Two days later, on August 16, 2019, Petitioner filed an "ammended [sic] petition for writ of habeas corpus and brief in support for writ of habeas corpus pursuant to 28 U.S.C. § 2241" (Dkt.

---

[1] Petitioner refers to *Brill v. Gurich*, 965 P.2d 404 (Okla. Crim. App. 1998). *See* Dkt. 1, at 14 n.15; Dkt. 5, at 89 n.53.

8), seeking to add the following three additional claims:

> Count Nine: The refusal by Respondent and Turnkey Health to treat [Petitioner's] serious, chronic and potentially deadly medical conditions because they are pre-existing is punitive, unconstitutional, and in violation of well-established state and federal law.
>
> Count Ten: Respondent and Turnkey Health refuse to provide adequate dental care.
>
> Count Eleven: Respondent's unlawful detainment of [Petitioner] continues to severely hamper his defense at a critical pre-trial stage.

Dkt. 8, at 1, 8, 10.[2]

On September 4, 2019, Respondent filed a motion to dismiss (Dkt. 22) the original and amended petitions for failure to exhaust available state remedies. In the motion, Respondent notes that Petitioner previously sought pretrial habeas relief from this court through a 28 U.S.C. § 2241 petition for writ of habeas corpus filed in N.D. Okla. Case No. 18-CV-0547-GKF-JFJ, raising similar allegations regarding the amount of his bond, alleging procedural due process violations occurred during his bond hearings, and challenging his pretrial confinement. Dkt. 22, at 2; *see also* Dkt. 22-1 (opinion and order dismissing 2018 habeas petition). Respondent asserts Petitioner's 2018 habeas petition was dismissed for failure to exhaust his claims and argues Petitioner's original and amended petitions in the instant case should likewise be dismissed on exhaustion grounds. Dkt. 22, at 2-10. Specifically, Respondent contends Petitioner's attempts to exhaust his claims, following the dismissal of his 2018 habeas petition, consisted of Petitioner filing in the state district court: (1) a "Motion for Bond Reduction" (Dkt. 22-4), which was granted

---

[2] Ordinarily, an amended petition supersedes, or replaces, and thus renders moot the original petition. It is clear though from Petitioner's pro se amended petition that he intended only to supplement the original petition by adding three additional claims. Applying the rule of liberal construction, the Court thus construes the amended petition as a supplemental pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, for ease of discussion, the Court will continue to refer to the supplemental pleading as the amended petition.

in part, (2) an "Emergency Petition to Vacate Judgment" (Dkt. 22-5) and "Amended Petition and Brief in Support of Emergency Motion" (Dkt. 22-6), and (3) a "Notice of Intent to Appeal and Application for Writ of Habeas Corpus" (Dkt. 22-7). Dkt. 22, at 3-5. Respondent contends these filings were not sufficient to exhaust available state remedies because Petitioner did not present any of his federal habeas claims to the Oklahoma Court of Criminal Appeals (OCCA). *Id.* at 5-6.

Petitioner filed a response (Dkt. 29) in opposition to the motion to dismiss on September 9, 2019.[3] Petitioner appears to argue, in the alternative, either (1) that his attempts to exhaust his claims in state court were "ignored" or thwarted by state procedural rules and that any further attempts to exhaust those claims would have been futile or (2) that his attempts to exhaust available state remedies were sufficient to satisfy the exhaustion requirement as to some or all of his claims. Dkt. 29, at 16-24, 28-29, 33-34.

Between August 16, 2019, and September 9, 2019, Petitioner also filed the following motions: motion for release on bail (Dkt. 9), motion to stay Tulsa County case (Dkt. 10), motion for appointment of counsel (Dkt. 11), motion to expedite emergency objection to criminal response (Dkt. 13),[4] amended motion for appointment of counsel (Dkt. 20), emergency motion to compel stay of state court proceedings (Dkt. 21), motion for default judgment (Dkt. 24), amended motion for release on bail (Dkt. 26), motion to expedite ruling (Dkt. 27), and motion for summary judgment (Dkt. 28). Respondent filed timely responses (Dkts. 30, 31, 32, 33, 34) addressing these

---

[3] Petitioner response was a combined response to the motion to dismiss and motion for summary judgment. The Clerk of Court filed the document as two separate pleadings—a motion for summary judgment (Dkt. 28), and a response to the motion to dismiss (Dkt. 29).

[4] This motion relates to Petitioner's "emergency objection to criminal reprisal by Respondent" (Dkt. 12), filed August 22, 2019. In the "emergency objection," Petitioner appears to allege that Respondent or other officials at the David L. Moss Criminal Justice Center moved him from general population to medical segregation as retaliation for Petitioner's filing of the amended petition. Dkt. 12, at 2-8.

4

motions.

Respondent's most recent responses assert that Petitioner's original and amended petitions are now moot and subject to dismissal as a result of his convictions in his state criminal case, Tulsa County Case No. CF-2017-4236. Dkts. 31, 32, 33, 34. According to Respondent, on September 13, 2019, at the conclusion of a jury trial, Petitioner was found guilty on eight of the nine counts brought against him by the State of Oklahoma and his sentencing hearing is set for October 28, 2019. Dkt. 34, at 1. Because the petitions are subject to dismissal, Respondent urges this Court to deny as moot Petitioner's pending motions for ancillary relief. Dkts. 30, 31, 32, 33, 34.

## II. Analysis

For three reasons, the Court agrees with Respondent that the original and amended petitions should be dismissed and that all pending motions filed by Petitioner should be denied as moot.

### A. Petitioner did not exhaust available state remedies.

First, Petitioner failed to exhaust available state remedies as to any of the claims asserted in his original and amended petitions. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (explaining that 28 U.S.C. § 2254(b)(1)(A)'s exhaustion requirement applies equally to habeas petitions filed pursuant to § 2241). Petitioner acknowledges that he failed to present his claims to the OCCA, but he contends his attempt to do so was barred by Rule 3.4(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019), after the state district court denied his request to proceed on appeal as a pro se litigant. Dkt. 1, at 13-16; Dkt. 29, at 17-24.

In relevant part, Rule 3.4(E) provides that when "an appellant has either a retained attorney or court-appointed attorney, only briefs submitted by the attorney of record will be accepted for filing" and that "[a]ny '*pro se*' legal arguments to be contained in appellant's brief shall be submitted by the appellant to the attorney of record for submission" to the OCCA. Rule 3.4(E),

*Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019). Petitioner contends that his trial attorneys refused to challenge the state district court's denial of his "Emergency Petition to Vacate Judgment" and "Amended Petition and Brief in Support of Emergency Motion." Dkt. 1, at 14-15. He therefore filed a pro se "Notice of Intent to Appeal" and contemporaneously submitted an affidavit (Dkt. 22-8) in support of his request to proceed on appeal pro se. Dkt. 1, at 15; Dkt. 29, at 5. Petitioner argues that he could not present his habeas claims to the OCCA because the state district court denied his request to proceed pro se before the OCCA. Dkt. 1, at 15-16; Dkt. 29, at 17-19. Thus, Petitioner argues, he should be exempt from the exhaustion requirement because "there are circumstances that exist that render the state process ineffective to protect [his] rights." Dkt. 29, at 20; *see* 28 U.S.C. § 2254(b)(1)(B) (providing that if habeas petitioner fails to exhaust available state remedies, federal habeas court may not grant relief "unless it appears that . . . "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant").

Petitioner's argument rests on his apparent misunderstanding of Rule 3.4(E) and the appropriate method for presenting his claims to the OCCA. As Respondent explains, Rule 3.4(E) governs the filing of briefs in a direct appeal from a criminal conviction. Dkt. 22, at 9. But an appeal from "[e]xcessive bail or denial of bail is governed by habeas corpus proceedings pursuant to Section 1079 of Title 22 and Section X of [the OCCA's] Rules." Rule 1.2(D)(2). Nothing in either OKLA. STAT. tit. 22, § 1079 or Section X of the OCCA's Rules prohibits a pro se litigant from seeking a writ of habeas corpus from the OCCA to challenge excessive bail or pretrial confinement. Moreover, when this Court dismissed Petitioner's 2018 habeas petition, the Court (1) cited OKLA. STAT. tit. 22, § 1079 and Rule 10.1, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) and (2) expressly advised Petitioner that, as provided in

6

these authorities, "Oklahoma law permits appellate review of excessive bond claims and habeas petitions." Dkt. 22-1, at 3. Thus, Petitioner has not shown either (1) the absence of a corrective state process or (2) that any existing circumstances rendered the state process ineffective to protect his rights. Rather, Petitioner's claims are unexhausted because he failed to pursue available state remedies.[5]

As Respondent contends, and this Court's independent review of the state court record confirms,[6] Petitioner's actions in state district court following the dismissal of his 2018 habeas petition, were ineffective to present his federal habeas claims to the OCCA in a manner that would permit appellate review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (noting that a habeas petitioner "must give the State courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Tennial v. Glanz*, No. 15-CV-0041-GKF-TLW, 2015 WL 9244283, at *2 (N.D. Okla. Dec. 17, 2015) (unpublished)[7] ("To exhaust a claim, Petitioner must have 'fairly presented' that specific claim to that state's highest court." (quoting *Picard v. Conner*, 404 U.S. 270, 275-76 (1971))). As a result, the Court concludes that Petitioner's original and amended petitions should be dismissed

---

[5] Ironically, in the affidavit Petitioner filed in state district court to support his request to proceed on appeal pro se, Petitioner acknowledged that "[u]nconstitutional detainment and excessive bail is governed by Section 1079 of Title 22 and Section X, Rule 1.2 D(a), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. 2019" and asserted his "intent to exercise this right with or without the assistance of counsel." Dkt. 22-8. Yet, Petitioner now argues his attempt to seek appellate review of his habeas claims in the OCCA was barred by Rule 3.4(E) despite the fact that Rule 1.2(D)(a) clearly provides that Section X of the OCCA's Rules, not Section III, applies to pretrial appeals of the type Petitioner intended to pursue.

[6] Respondent provided a copy of the public docket sheet, Dkt. 22-2, which is also available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=cf-2017-4236, last visited Oct. 22, 2019.

[7] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

for failure to exhaust state remedies. Because the Court concludes that the original and amended petitions should be dismissed, the Court further concludes that Petitioner's motion for appointment of counsel (Dkt. 11), amended motion for appointment of counsel (Dkt. 20), motion for default judgment (Dkt. 24), motion to expedite ruling (Dkt. 27), and motion for summary judgment (Dkt. 28) should be denied as moot.

**B.     Petitioner's challenges to his pretrial confinement are moot.**

Second, to the extent the claims Petitioner asserts in his original and amended petitions challenge the fact of his pretrial confinement, his criminal convictions in Tulsa County Case No. CF-2017-4236 render those claims moot. *See Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (unpublished) ("Given the limited focus of typical pretrial-custody petitions under § 2241 . . . such petitions become moot upon the conviction of the petitioner."); *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) (unpublished) ("[Section] 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."). Likewise, Petitioner's requests for relief as stated in his motion for release on bail (Dkt. 9), motion to stay Tulsa County case (Dkt. 10), emergency motion to compel stay of state court proceedings (Dkt. 21), and amended motion for release on bail (Dkt. 26) are moot as a result of his criminal convictions.[8]

**C.     Petitioner's claims relating to the conditions of his pretrial confinement are not cognizable habeas claims.**

Third, the claims Petitioner asserts in his amended petition that challenge the conditions of his pretrial confinement—specifically, the claims he asserts in Counts Nine and Ten—and the

---

[8] In any event, Petitioner's pretrial motions seeking to stay or otherwise prevent his criminal prosecution in state court were improper. *See Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993) (explaining that a "pretrial habeas corpus" petition "normally" cannot be used to "dismiss an indictment or otherwise prevent a prosecution").

8

"retaliation" claim he asserts in his "emergency objection to criminal reprisal by Respondent" (Dkt. 12) must be asserted, if at all, through an action brought under 42 U.S.C. § 1983, not through a § 2241 habeas petition. *See Friedman v. Anderson*, 249 F. App'x 712, 712 (10th Cir. 2007) (unpublished) ("Habeas Corpus is not an appropriate vehicle to challenge conditions of confinement."); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (reiterating that "federal claims challenging the conditions of . . . confinement generally do not arise under § 2241").[9] For this reason, the Court concludes those claims must also be dismissed. As a result, the Court further concludes that Petitioner's motion to expedite emergency objection (Dkt. 13), which relates solely to the alleged "retaliation" claim, should be denied as moot.

### III. Conclusion

Based on the foregoing, the Court grants Respondent's motion to dismiss (Dkt. 22), dismisses the original petition for writ of habeas corpus (Dkt. 1) and amended petition for writ of habeas corpus (Dkt. 8), and denies as moot Petitioner's pending motions (Dkts. 9, 10, 11, 13, 20, 21, 24, 26, 27, 28). The Court also denies a certificate of appealability as Petitioner has not demonstrated that reasonable jurists would likely debate the dismissal of either the original or the amended petition. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see, e.g.*, *Russell v. Kansas*, 446 F. App'x 982, 983 (10th Cir. 2011) (unpublished) (denying certificate of appealability and dismissing appeal from district court's dismissal of 28 U.S.C. § 2241 petition for writ of habeas corpus when "[t]he record contain[ed] no indication that [petitioner] pursued his claims in Kansas state court or ha[d] exhausted his state remedies").

---

[9] Petitioner appears to be familiar with the procedure for filing a § 1983 action as he has one such action pending in this Court in N.D. Okla. Case No. 19-CV-0076-JHP-JFJ.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. 22) is **granted**.

2. The petition for writ of habeas corpus (Dkt. 1) and the amended petition for writ of habeas corpus (Dkt. 8) are **dismissed without prejudice**.

3. Petitioner's pending motions (Dkts. 9, 10, 11, 13, 20, 21, 24, 26, 27, 28) are **denied as moot**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall issue herewith.

**DATED** this 23rd day of October 2019.

TERENCE C. KERN
United States District Judge